Juan Carlos **PEREZ–GARCIA,**
et al., **Plaintiffs,**

v.

**PUERTO RICO PORTS AUTHORITY,**
et al., **Defendants,**

v.

Kingfisher Air Services, Inc., et al.,
**Third–Party Defendants.**

**Civil No. 08–1448 (GAG).**

United States District Court,
D. Puerto Rico.

July 9, 2012.

Jose Luis Ubarri–Garcia, David W. Roman, Ubarri & Roman, San Juan, PR, for Plaintiffs.

Jaime F. Agrait–Llado, Agrait Llado Law Office, San Juan, PR, for Defendants.

Juan M. Frontera–Suau, Ufret & Frontera Law Firm, Israel O. Alicea–Luciano, Kenneth Colon, San Juan, PR, for Third–Party Defendants.

### *ORDER*

GUSTAVO A. GELPÍ, District Judge.

Juan Carlos Perez–Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (*See* Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell

---

1. ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company—Puerto Rico ("Chartis")

from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves two motions *in limine* submitted by Plaintiffs (Docket Nos. 636 & 638). Plaintiffs first seek to exclude the testimony of Kit Darby ("Darby") for his failure to account for the possibility that Plaintiff may have continued his career in Spain, and not just within the United States. (*See* Docket No. 636 at 9.) This motion was opposed by CAF and PRPA at Docket Nos. 664 and 671, respectively. The second motion seeks to exclude Santos Negron Diaz ("Negron") an expert for CAF and PRPA because his testimony merely acts as a rebuttal witness to Plaintiffs' economic expert, as opposed to providing his own analysis regarding the financial future of Plaintiff. (*See* Docket No. 638.) That motion was opposed by CAF and PRPA at Docket Nos. 665 and 673, respectively. For the following reasons, the court **DENIES** Plaintiffs' motion at Docket No. 636 and **GRANTS** Plaintiffs' motion at Docket No. 638.

## I. Legal Standard

The admission of expert testimony is governed by Federal Rule of Evidence 702. That rule provides that:

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. FED.R.EVID. 702.

The trial court acts as a gate-keeper as the judge must ensure an expert's testimony is both relevant and is based on a reliable foundation. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 at 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *U.S. v. Mooney,* 315 F.3d 54, 62 (1st Cir.2002).

The *Daubert* Court identified four factors that may assist the trial court in determining whether or not scientific expert testimony was reliable: "(1) whether the theory or technique can be and has been tested; (2) whether the technique has been subject to peer review and publication; (3) the technique's known or potential rate of error; and (4) the level of the theory or technique's acceptance within the relevant discipline." *Mooney,* 315 F.3d at 62 (citing *Daubert,* 509 U.S. at 593–94, 113 S.Ct. 2786). These factors were later held to apply to all expert testimony, not just scientific testimony. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The factors are not a checklist for the trial judge to follow, but rather the inquiry is a flexible one, allowing the trial judge to determine and adapt these factors to fit the particular case at bar. *See Kumho,* 526 U.S. at 150, 119 S.Ct. 1167; *Milward v. Acuity Specialty Prods. Grp., Inc.,* 639 F.3d 11, 15–16 (1st Cir.2011). "Proponents ... do not have to demonstrate that the assessments of their experts are correct, only that their opinions are reliable." *Rivera–Cruz v. Latimer, Biaggi, Rachid & Godreau, LLP,* 2008 WL 2446331 at *2

(D.P.R. June 16, 2008) (citing *Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 85 (1st Cir.1998)). While the general focus of this inquiry is the principles and methodology relied upon by the expert, the court may consider the congruity of the data and the opinion proffered by the expert. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (holding a court may conclude there is too great an analytical gap between data and the opinion proffered); *Ruiz–Troche*, 161 F.3d at 81.

## II. Legal Analysis

### A. Exclusion of Darby

 Plaintiffs move to exclude Darby primarily for failing to account for Plaintiff's potential career earnings in Spain. Plaintiffs argue that because Plaintiff is a Spanish national, his future earnings should be viewed as if he were to return home for all future employment. (*See* Docket No. 636 at 9–10.) Economic experts are necessarily speculative when predicting Plaintiff's future earnings had he not been injured. There is no crystal ball for experts to divine exact future earnings. Plaintiffs' brief cites nothing to lead the court to the conclusion that Plaintiff was to be employed in Spain for his remaining working years. Plaintiff was employed by KF within the United States at the time of the accident. Plaintiff had no pending employment in Spain prior to his accident. Therefore, it is reasonable for the economic experts to assume Plaintiff would have remained employed within the United States. Plaintiffs may argue that Darby's analysis lacks weight during trial due to this omission, but the court shall not exclude his testimony altogether.

Additionally, it is worth noting Plaintiffs' expert Jaime del Valle Caballero ("Caballero") also made the assumption that Plaintiff would continue to work within the United States. (*See* Docket Nos. 664–1 & 664–2.) Therefore, the court **DENIES** Plaintiffs' motion at Docket No. 636.

### B. Exclusion of Negron

 In the second motion *in limine*, Plaintiffs seek to exclude Negron because he simply states his views as to whether Plaintiffs or Defendants economic expert properly conducted an economic analysis without providing an economic analysis of his own. (*See* Docket No. 638 at 9.) Plaintiffs attack Negron's opinions as conjecture and speculative. (*See id.* at 10.) CAF and PRPA counter that Negron employed his expertise in forensic economy to reach his conclusions. (*See* Docket Nos. 665 at 3; 673 at 3.)

After reviewing the report, it is easily discerned that the primary purpose of the report is to attack the findings of Plaintiffs' economic expert Caballero. The supplemental report submitted by Negron explains why Negron believes Caballero's analysis is not accurate and why Darby's analysis is accurate. (*See* Docket No. 638–2.) In doing so, Negron does state opinions and does, at times, explain upon what grounds he is basing his opinions. Negron does not take upon the task of performing any economic analysis himself, his opinions are focused on deciding who's expert conducted the better economic analysis.

While the qualifications of Negron may allow him to proffer expert testimony under 702, the court finds the probative value of this testimony is substantially outweighed by needlessly presenting cumulative evidence. *See* FED.R.EVID. 403. In this case, Defendants' economic expert shall offer his analysis and opine as to the methods used to reach his economic conclusion. Defendants shall have the opportunity, on direct examination, to elicit Darby's methods and the factors he used to reach his ultimate conclusion. Plaintiffs

shall be given the opportunity to controvert Darby's methodology on cross-examination. Re-direct may be sought and allowed as well. The process applies to Caballero. Any and all details regarding these economic reports can be elicited from the experts during this process. After both experts have given their opinions and presented the jury with the reasons for using or omitting specific factors in their analysis, it will be up to the jury to decide which expert to credit.

From the court's perspective, allowing an additional witness to then take the stand solely for the purpose of further crediting one expert over another is beginning to intrude on the role of the jury. The First Circuit has cautioned that juries may assign too much weight to expert witnesses. *See U.S. v. Pires,* 642 F.3d 1, 12 (1st Cir.2011) ("because of an expert's stature *qua* expert, jurors may assign more weight to expert testimony than it deserves.") (emphasis in original). Having dueling experts at trial is common practice in federal litigation. Juries are asked to choose between expert opinions fairly regularly, however, allowing experts to opine as to which one of the dueling experts the jury should credit is taking this concept another step. Allowing evidence regarding the credibility of economic experts is just the type of evidence the First Circuit warned against. *See id.*

The cases cited by CAF and PRPA are distinguished from the present case. The cases, *Johnson v. Samsung Elec. Am. Inc.,* 277 F.R.D. 161, 166 (E.D.La.2011) and *Mason v. Safeco Ins. Co. of Am.,* 09–1081 CAS, 2010 WL 3341582, at *8 (E.D.Mo. Aug. 23, 2010), are both cited to demonstrate the use of an expert to attack the credibility of another expert witness. Neither case is binding upon this court, nor represents facts on point to the situation presented here. Negron's testimony attacks the credibility of an expert witness, while at the same time bolsters the credibility of another expert witness.

As all evidence regarding the credibility of the expert reports can be elicited during direct and cross-examination, there is no need and little probative value in calling a third expert to the stand who will not present a novel formula for calculating Plaintiff's potential lost earnings. Therefore, the court **GRANTS** Plaintiffs' motion at Docket No. 638.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Plaintiffs' motion at Docket No. 636 and **GRANTS** Plaintiffs' motion at Docket No. 638.

**SO ORDERED.**